IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 MAY 14 P 1: 57

CLERK _JBurton_
SO. DIST. OF GA.

ANTONIO WELLINGTON RUFFIN,          )
                                    )
          Petitioner,               )
                                    )
     v.                             )          CV 111-034
                                    )
CARL HUMPHREY, Warden,              )
                                    )
          Respondent.               )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate incarcerated at Georgia Diagnostic and Classification Prison,

in Jackson, Georgia, brought the above-captioned petition pursuant to 28 U.S.C. § 2254. For

the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition

be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED**

in favor of Respondent.

## I.    BACKGROUND

On March 23, 1999, a Richmond County grand jury indicted Petitioner for murder,

felony murder, possession of a firearm during the commission of a crime, and possession of

a firearm by a convicted felon. (Doc. no. 13-8, pp. 41-44.) Following a jury trial in the

Superior Court of Richmond County, Petitioner was convicted of each of these offenses, and

on July 16, 1999, he was sentenced to life imprisonment for murder[1] and to consecutive five-

year terms of imprisonment on each of the firearm counts. (Doc. no. 13-9, p. 9.) Petitioner

---

[1]At sentencing, the trial court merged the two murder counts. (Doc. no. 13-9, p. 9.)

filed a direct appeal in which he raised multiple allegations of error, including a challenge

to the sufficiency of the evidence and an assertion of 21 instances in which he allegedly

received ineffective assistance of trial counsel. See Ruffin v. State, 656 S.E.2d 140, 141-44

(Ga. 2008). On January 8, 2008, the Georgia Supreme Court rejected Petitioner's

contentions and affirmed his convictions.[2] Id.

On January 5, 2009, Petitioner filed a state habeas corpus petition in the Superior

Court of Hancock County, which asserted a single claim: that Petitioner's appellate counsel

provided ineffective assistance by failing to argue on appeal that the method for selecting the

traverse jury was unconstitutional in that it did not provide a fair cross section of the

community due to the underrepresentation of African-Americans. (Doc. no. 13-2.) The state

habeas court held an evidentiary hearing on April 29, 2009, during which Petitioner was

---

[2] Regarding the sufficiency of the evidence claim, the Georgia Supreme Court held that "[t]he overwhelming evidence adduced in this case amply authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted." Id. The Court summarized the evidence as follows:

> [O]n the afternoon of March 2, 1999, the victim and his friends were in his yard, talking and using his weight lifting equipment, when appellant drove up in a dark-colored Honda Accord. Appellant exited the vehicle with a gun in each hand; walked directly over to the unarmed victim sitting on a weight bench; asked the victim, "you thought this was over with?"; and, without giving the victim time to reply, shot him repeatedly. Before bleeding to death, the victim identified appellant as his shooter to the deputy sheriff who responded first to the scene. Five eyewitnesses also identified appellant as the shooter; most of them had known appellant for many years. Other witnesses placed appellant in a dark-colored Honda Accord both shortly before and immediately after the shooting and appellant's mother told police on the day of the shooting that appellant was driving his uncle's black Honda Accord.

Id. at 141-42.

permitted to amend his petition by asserting two additional claims of ineffective assistance of appellate counsel. In particular, in these amended claims, Petitioner asserted that his appellate counsel provided ineffective assistance by failing to properly challenge a jury instruction regarding eye-witness testimony under Brodes v. State, 614 S.E.2d 766 (Ga. 2005),[3] and by failing to raise a claim on appeal based on Petitioner's inability to raise certain issues in his motion for a new trial due to untimely preparation of the trial transcript.[4] (See doc. no. 13-8, pp. 7-8; doc. no. 13-5, p. 4.) Petitioner's state habeas corpus petition was denied in its entirety on August 30, 2010. (Doc. no. 13-5.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on February 28, 2011. (Doc. no. 13-7.)

Petitioner then timely filed the above-captioned § 2254 petition, in which he raises the following grounds for relief:

   (1)   his appellate counsel provided ineffective assistance by failing to argue on
         appeal that the method for selecting the jury pool was unconstitutional in that
         it did not provide a fair cross section of the community due to the

---

[3]In Brodes, the Georgia Supreme Court held that "it is error for a trial court to include an eyewitness's 'level of certainty' in his or her identification of a criminal defendant as a factor for the jury to consider in evaluating the reliability of the eyewitness identification." 614 S.E.2d at 767-68.

[4]Following the evidentiary hearing, the state habeas court informed the parties of its decision to deny Petitioner's claims in a notice dated October 5, 2009. (Doc. no. 13-3.) Thereafter, Petitioner filed a document entitled "Amended Enumeration of Error," in which he purported to amend his state habeas petition by adding the following two claims: (1) that his appellate counsel provided ineffective assistance by failing to properly raise a claim regarding the portion of the jury instructions related to eye-witness identification; and (2) that the prosecutor improperly failed to disclose a deal with one of the witnesses who testified against Petitioner at trial. (Doc. no. 13-4.) The first of these claims appears to be the same as the amended claim he had previously raised under Brodes, supra. Petitioner's "Amended Enumeration of Error" is discussed in more detail below. See infra Part III.B.

underrepresentation of African-Americans; and

(2)     the state habeas court erred by:
(1)     failing to consider the claims set forth the in second amendment dated October 28, 2009; and
(2)     failing to grant Petitioner's request during the evidentiary hearing for the original tape of the prosecutor's closing argument from his trial.

(Doc. no. 1.) In his answer, Respondent argues that Petitioner's claim of ineffective assistance of appellate counsel is without merit and that Petitioner's allegations of procedural error by the state habeas court fail to state cognizable § 2254 claims.[5] (Doc. no. 12-1.)

---

[5] In the Court's Order directing Respondent to answer the instant petition, it noted that, upon conducting an initial review of the petition, it had concluded that Petitioner's claims were limited to those set forth above. In particular, in Ground One of the petition, rather than setting forth any specific claim, Petitioner initially states "See attachment," an apparent reference to the attachment to his petition consisting of various documents from Petitioner's state habeas case. However, the Court noted that in a subsequent entry, the petition indicates that the claim in Ground One involves a challenge to the methodology for selecting the jury pool in his criminal trial. Therefore, the Court directed Respondent that he should not respond to the entirety of the attachment, but rather "should limit his response to Ground One to the claim relating to the selection of the jury in Petitioner's criminal proceedings." (Doc. no. 9, p. 2 n.2.)

Rather than follow the Court's directive, Respondent indicates in his answer that Ground One encompasses two ineffective assistance of appellate counsel claims, the jury pool claim and a claim from the attachment that Petitioner's appellate counsel failed to properly raise a claim under Brodes, 614 S.E.2d at 767-71, regarding a jury instruction pertaining to eye-witness testimony.

The Court rejects Respondent's suggestion that the instant § 2254 petition properly raises the latter claim of ineffective assistance of appellate counsel. The attachment to the petition consists of a jumble of documents from Petitioner's state habeas case that mention various claims from those proceedings that he has not properly raised in his federal petition. (See doc. no. 1-1.) Moreover, the Court specified in its prior Order that it construed Ground One as raising only the jury pool claim (doc. no. 9, p. 2 n.2.), and Petitioner neither objected to that determination nor included the claim in his subsequent amendment. Thus, the Court finds no basis for concluding that the attachment to the instant petition properly raises a claim that Petitioner's appellate counsel provided ineffective assistance by failing to properly raise a claim under Brodes, supra. Notably, however, the claim is the same as one of the claims that Petitioner attempted to assert in his state habeas case in the October 5, 2009 "Amended Enumeration of Error," and the Court concludes below that the claim would fail on the merits if Petitioner had asserted it in his federal petition. See infra Part III.B.

Around the same time Respondent filed his answer, Petitioner filed a motion to amend his petition. (Doc. no. 11.) In an Order issued on July 29, 2011, the Court found that Petitioner was entitled to the amendment sought as a matter of right and ruled that the motion to amend was therefore moot. (Doc. no. 14.) The Court noted that the preferred method for amendment is to include all allegations in a single document rather than amending in a piecemeal fashion, but it determined that it was appropriate in that instance to read Petitioner's amended document in conjunction with his § 2254 petition. (Id.) The amendment does not add any claims, but rather consists of citations to two cases.[6] (See doc. no. 11 (citing Donald v. State, 700 S.E.2d 390, 392 (Ga. 2010), and State v. Jackson, 697 S.E.2d 757 (Ga. 2010).) The Court will consider this amendment in ruling on the instant petition,[7] which the Court resolves as follows.

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[6]Respondent was given an opportunity to respond to the new material in the amendment but elected not to do so. (See doc. no. 14.)

[7]Following this amendment as a matter of course, Petitioner again attempted to amend his § 2254 petition. Petitioner's second attempted amendment is addressed below. See infra Part III.C.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. ___, 131 S. Ct. 770, 787 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011) (quoting Harrington, 131 S. Ct. at 786; Woodford v. Visciotti, 537 U.S. 19, 24 (2002)) (internal citation omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was

6

"objectively unreasonable" will entitle a petitioner to relief. <u>Wiggins v. Smith</u>, 539 U.S. 510, 520-21 (2003). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen</u>, 131 S. Ct. at 1398. In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." <u>McIntyre v. Williams</u>, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA mandates a highly deferential standard of review for state court factual determinations. With regard to factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); <u>see also</u> <u>Wood v. Allen</u>, 558 U.S. ___, 130 S. Ct. 841, 848-49 (2010) ("The term 'unreasonable' is no doubt difficult to define. It suffices to say, however, that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." (internal citation and punctuation omitted)). Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and that the habeas petitioner has the burden of rebutting that presumption "by clear and convincing evidence." <u>See also</u> <u>Reese v. Sec'y, Fla. Dep't of Corr.</u>, ___ F.3d ___, No. 11-12178, 2012 WL 1059452, at *7 (11th Cir. Mar. 30, 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review." (quoting <u>Stephens v. Hall</u>, 407 F.3d 1195, 1202 (11th Cir. 2005) (punctuation omitted)).

## III. DISCUSSION

### A. Ineffective Assistance of Appellate Counsel Claims Rejected by the State Habeas Court

As noted above, in Ground One of his petition, Petitioner argues that his appellate counsel provided ineffective assistance by failing to raise a claim on direct appeal that the method for selecting the jury pool was unconstitutional in that it did not provide a fair cross section of the community due to the underrepresentation of African-Americans. (Doc. no. 1, pp. 6-8.) Petitioner asserted this claim in his state habeas petition, and the state habeas court rejected the claim on the merits. (Doc. no. 13-5, pp. 2-13.) Specifically applying the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), that court determined that Petitioner failed to show that his appellate counsel provide constitutionally ineffective assistance. (See id.)

As correctly noted by the state habeas court, ineffective assistance of counsel claims are analyzed under the two-prong test set forth by the Supreme Court in Strickland v. Washington.[8] To make out a claim of ineffective assistance of appellate counsel, Petitioner must first show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, he must show that he suffered such prejudice that, but for his appellate counsel's errors, there is a reasonable probability that the results of the proceeding would have been different. Id. at 694. The facts of Strickland, however, are dissimilar from those presented here. Moreover, it cannot be said that the result reached by the state habeas court was contrary to clearly established federal law. Thus, the

---

[8]The Strickland test applies to claims of ineffective assistance of both trial and appellate counsel. See Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

Court will focus its attention on whether the state habeas court unreasonably applied Strickland to the facts of this case. Bell v. Cone, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [the petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Id. (internal citations omitted)); see also Cave v. Sec'y for the Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable"). Moreover, because "[t]he standards created by Strickland and § 2254(d) are both highly deferential, . . . when the two apply in tandem, review is doubly so." Richter, 131 S. Ct. at 788 (quotation marks and citations omitted); Premo v. Moore, 562 U.S. ___, 131 S. Ct. 733, 740 (2011) (same).

With regard to the performance prong of Strickland, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the

circumstances, as [appellate] counsel acted . . . ." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Smith v. Wainwright</u>, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of <u>Strickland</u>, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." <u>Id.</u> at 616 (citing <u>Strickland</u>, 466 U.S. at 694-95). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." <u>Butcher v. United States</u>, 368 F.3d 1290, 1293 (11th Cir. 2004).

Furthermore, in the appellate context, the Court recognizes that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983). It is up to appellate counsel to winnow out weaker arguments and select the most promising issues for review. <u>Id.</u> at 751-52. Indeed, the appellate "attorney need not advance every argument, regardless

of merit, urged by the appellant . . . ." Evitts v. Lucey, 469 U.S. 387, 394 (1985).

In order to assess Petitioner's claim that his appellate counsel had been ineffective, the state habeas court heard testimony from Petitioner's appellate counsel, Mr. Brendan N. Fleming. At the hearing, Mr. Fleming testified that he became a member of the Georgia Bar in 1999 and that he had been employed as an attorney since that time. (Doc. no. 13-8, pp. 10.) He testified that at the time he represented Petitioner, he devoted the majority of his practice to representing criminal defendants, and he had previously handled several felony cases. (Id. at 10-11.)

In addition, Mr. Fleming testified that he consulted with Petitioner on multiple occasions regarding which issues to bring on appeal. (Id. at 13.) Mr. Fleming testified unequivocally that he felt he had raised the most viable and meritorious issues on appeal. (Id. at 15.) Mr. Fleming indicated that Petitioner had mentioned the jury pool challenge during their discussions, but he found that issue to be without merit because the methodology used to select the jury pool had been in place for roughly eight years at the time of Petitioner's trial, and there was nothing to indicate that it had been shown to be constitutionally deficient during that time. (Id. at 16.)

While Petitioner claims that his appellate counsel was ineffective for failing to assert the claim based on the jury pool, the state habeas court concluded otherwise. Having considered the trial record and Mr. Fleming's testimony, the state habeas court determined, based on its application of the principles set forth in Strickland, that "as to the claim regarding the composition of the jury pool, Petitioner has failed to show that counsel's decision not to raise this claim was unreasonable." (Doc. no. 13-5, p. 9.) In particular, the

11

state habeas court found that Mr. Fleming reasonably determined that the claim was unlikely to succeed because the methodology for selecting the jury pool used in Petitioner's criminal proceedings had been in place for approximately eight years without having been successfully challenged. (See id.) Furthermore, the state habeas court noted, "To prevail on a sixth amendment fair cross-section claim, Petitioner would have to show: (a) the group alleged to be excluded is "distinctive" in the community; (b) the representation of this group is not fair and reasonable in relation to the number of such persons in the community; and (c) the underrepresentation is due to systematic exclusion of the group in the jury selection process. (Id. at 10 (citing Duren v. Missouri, 439 U.S. 357, 364 (1979).) Because Petitioner had "made no such showing," the state habeas court concluded that he had failed to demonstrate that the result of his appeal would have been different if Mr. Fleming had raised the jury pool issue on appeal. (Id.)

Petitioner offers no additional evidence, much less "clear and convincing evidence," in his federal habeas petition to undermine or contradict the factual determinations of the state court. Furthermore, a review of the state habeas court's decision does not indicate that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state habeas proceeding. Nor did the state habeas court apply the Strickland standard to the facts of Petitioner's case in an objectively unreasonable manner. Indeed, Petitioner offers no explanation in his federal petition as to how the jury pool selection process used in Richmond County at the time of Petitioner's criminal proceedings violated his right to a jury drawn from a fair cross section of the community. Nor has he provided anything calling into question his appellate counsel's decision to omit the jury pool claim

from the multiple claims raised on appeal. Therefore, Petitioner's claim in Ground One is without merit.

## B.     Allegations of Procedural Error by the State Habeas Court

In Ground Two of his federal petition, Petitioner argues that the state habeas court erred by failing to consider the claims set forth in the second amendment dated October 28, 2009, and by failing to grant Petitioner's request during the evidentiary hearing for the original tape of the prosecutor's closing argument from his trial.[9]  (Doc. no. 1, p. 7.) However, as Respondent correctly observes (see doc. no. 21-1, p. 7), a federal habeas court may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States.  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  "Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."  Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); see also Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that claim premised on alleged errors by state habeas court "[went] to issues unrelated to the cause of petitioner's detention," and thus "[did] not state a basis for habeas relief"); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("[E]rrors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction.").  Because the claim in Ground Two does not allege a federal constitutional or statutory violation related to Petitioner's conviction or sentence, it is not cognizable in the instant

_____

[9]Petitioner apparently wanted the original tape of the closing argument to show that the trial court had provided an altered version of the closing argument in the official transcript. (See doc. no. 1, p. 7.)

§ 2254 action, and Petitioner is not entitled to relief on that claim.

Furthermore, in his "Amended Enumeration of Error," Petitioner attempted to amend his state habeas petition by adding the following two claims: (1) that his appellate counsel provided ineffective assistance of counsel by failing to properly raise a claim regarding the portion of the jury instructions related to eye-witness identification; and (2) that the prosecutor improperly failed to disclose a deal with one of the witnesses who testified against Petitioner at trial. (Doc. no. 13-4.) Neither of these claims would provide an adequate basis for federal habeas relief if Petitioner had brought them in the instant petition.

As noted above, the first of these claims appears to be the same as the claim that Petitioner had previously raised in his state habeas proceedings in which he asserted that his appellate counsel provided ineffective assistance by failing to properly challenge a jury instruction regarding eye-witness testimony under Brodes, 614 S.E.2d at 767-71. Notably, Petitioner's counsel brought this claim on direct appeal, but the Georgia Supreme Court declined to address the claim on the merits because Petitioner had improperly raised the claim before the trial court after he filed his notice of appeal, which had divested the trial court of jurisdiction to consider the issue and rendered it unavailable on appeal. Ruffin, 656 S.E.2d at 142. The state habeas court concluded that Petitioner's appellate counsel did not provide objectively unreasonable representation by failing to prevail on an issue that had not been preserved for appeal and which was based on Brodes, a case decided one day prior to the date of Petitioner's notice of appeal. (Doc. no. 13-5, pp. 11-12.) Moreover, the state habeas court concluded that Petitioner had not shown that the result of his appeal would have been different if the Brodes claim had been decided on the merits because, unlike in Brodes,

14

in which the identifying eye-witnesses had never seen the defendant before, multiple eye-witnesses who identified Petitioner in this case were from his neighborhood and knew him by sight. (Id. at 12.) As a result, the state habeas court reasoned that any error in the trial court's eye-witness jury instruction would have been held harmless. (Id.)

If Petitioner had brought this claim in his federal petition, it would fail for the same reasons as the claim of ineffective assistance of appellate counsel analyzed above. That is, the state habeas court's decision as to the claim at issue in the proposed amendment was not based on an unreasonable determination of the facts in light of the evidence presented in the state habeas proceeding, and the state habeas court did not apply the Strickland standard in an objectively unreasonable manner. Thus, in light of the deference to the state habeas court decision mandated by § 2254(d), Petitioner would not be entitled to habeas relief on that claim.

Regarding the second claim – that the prosecutor improperly failed to disclose a deal with one of the witnesses who testified against Petitioner at trial – Petitioner did not raise this claim on direct appeal.[10] Moreover, under Georgia state law, Petitioner's attempt to bring this claim by amending his state habeas petition after the evidentiary hearing and the notice

---

[10]Petitioner raised a claim on direct appeal that his trial counsel provided ineffective assistance by failing to move for a mistrial "upon learning the State had a deal with one eyewitness to testify." Ruffin, 656 S.E.2d at 144. However, because the legal basis for that claim was his trial counsel's allegedly ineffective assistance, it is not the same as the second claim from his "Amended Enumeration of Error," which alleges the distinct legal claim of prosecutorial misconduct for failing to disclose the deal with the witness. See Zeigler v. Crosby, 345 F.3d 1300, 1307 (11th Cir. 2003) ("To exhaust state remedies, petitioners must do more than present 'the state courts only with the facts necessary to state a claim for relief' and must additionally articulate the constitutional theory serving as the basis for relief." (quoting Henry v. Dep't of Corr., 197 F.3d 1361, 1366 (11th Cir. 1999))).

of the state habeas court's decision was improper. See Nelson v. Zant, 405 S.E.2d 250, 251-52 (Ga. 1991) (noting that state habeas petitions may only be amended prior to the hearing on the petition); see also Murrell v. Young, 674 S.E.2d 890, 892 (Ga. 2009) (noting that "amendments to habeas petition [are] permitted up until time of habeas hearing"). Thus, Petitioner did not properly raise this claim in the state courts.

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar."). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Also, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition.

O.C.G.A. § 9-14-51; <u>Chambers v. Thompson</u>, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

In short, Petitioner did not properly bring the claim that the prosecutor improperly failed to disclose a deal with one of the witnesses who testified against Petitioner at trial in the state courts, and he would be barred under state law from bringing such claim now. As a result, even if Petitioner had brought this claim in the instant petition, it would be procedurally defaulted and therefore would not provide an adequate basis for federal habeas relief.[11]

### C.    Improper Attempt to Amend § 2254 Petition

Finally, the Court will address a document filed by Petitioner in this case subsequent to his first amendment titled "Amended Pleadings," which sets forth allegations related to his claims in his original petition and new claims not previously asserted in this case. (Doc. no. 15.) In response to this filing, the Court explained that, because of the timing of the filing of his "Amended Pleadings," along with the fact that he had already been permitted to amend his petition once, Petitioner was not entitled to amend his pleadings as a matter of

---

[11]The Court is aware that a petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. <u>Jones</u>, 436 F.3d at 1304. A petitioner may also overcome default under the fundamental miscarriage of justice exception, which encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). Here, Petitioner has offered nothing to suggest that he could satisfy either of these exceptions to the procedural default rule.

right. Therefore, the Court directed Petitioner that, if he wanted the Court to consider his "Amended Pleadings," he had to properly file a motion requesting permission to amend his petition, which required that he serve a copy of his motion on Respondent's attorney. The Court further stated that if Petitioner failed to comply with the Court's directive, the content of his "Amended Pleadings" would not receive consideration. (Doc. no. 17.)

Thereafter, Petitioner filed a "Certificate of Service," in which he stated that he had served his "Amended Pleadings" on Respondent's attorney by hand delivering a copy of the filing to her address listed on the docket. (Doc. no. 18.) Notably, Petitioner did not follow the Court's directive to request permission to amend his petition in a properly filed motion. (See id.) As a result, the allegations in his "Amended Pleadings" are not properly before the Court.

Moreover, were the Court to construe Petitioner's "Amended Pleadings" as a motion to amend his § 2254 petition, the motion would be denied. Federal Rule of Civil Procedure 15(a)(1)[12] provides that:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.

---

[12]Both the Supreme Court and the Eleventh Circuit have held Federal Rule of Civil Procedure 15 applicable to requests to amend § 2255 motions, which are highly analogous to § 2254 petitions with respect to procedural matters such as amending pleadings. See Mayle v. Felix, 545 U.S. 644, 654 (2005); Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001) (per curiam); see also Gilbert v. United States, 640 F.3d 1293, 1317 (11th Cir. 2011) (en banc) (noting similarity between § 2254 and § 2255 proceedings).

R. Civ. P. 15(a)(2). As a general rule, leave to amend under Rule 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and the decision of whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[13] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182). A motion to amend that seeks to add a new claim is properly denied as futile when the claim is without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Here, Petitioner is not entitled to amend as a matter of right. Moreover, had he properly requested permission to amend, the request would be denied because his proposed amendment is futile in that the § 2254 petition would still be subject to denial if the amendment were allowed. The portion of the proposed amendment pertaining to the claims in his original petition is almost entirely duplicative of prior filings in this case, including Petitioner's first amendment, and it provides nothing to alter the Court's analysis of Petitioner's claims set forth above. (See doc. no. 15, p. 2.) The new proposed claims set

_____

[13]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

forth in the "Amended Pleadings" include the following: (1) that Petitioner's trial counsel provided ineffective assistance by failing to request that the State conduct a mental exam on certain witnesses that Petitioner alleges were incompetent; (2) that the prosecutor's closing argument improperly commented on Petitioner's refusal to testify in violation of his Fifth Amendment right to remain silent; and (3) that the prosecutor improperly failed to disclose an immunity agreement with one of the witnesses called to testify against Petitioner at trial. (Doc. no. 13-4, pp. 3-6.)

The Georgia Supreme Court rejected the first two proposed claims, see Ruffin, 656 S.E.2d at 143-44 & n.4, and Petitioner offers nothing to show that the rejection of those claims was based on an unreasonable determination of the facts in light of the evidence presented or that the Georgia Supreme Court applied the governing standards in an objectively unreasonable manner. The third proposed claim alleging prosecutorial misconduct is the same as the claim Petitioner attempted to assert in the untimely amendment in his state habeas case; for the reasons discussed above, that claim is procedurally defaulted. See supra Part III.B. In sum, none of the proposed claims in Petitioner's "Amended Pleadings" provide an adequate basis for federal habeas relief. As a result, if Petitioner's "Amended Pleadings" were construed as a motion to amend, the motion would be subject to denial for futility. See Coventry First, LLC, 605 F.3d at 870.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the

petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 14th day of May, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE